UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CESAR MANUEL PANAMENO LOPEZ,         ) <br> ) <br> Petitioner,         ) <br> )     Civil Action No. <br> v.         )     26-cv-10669-FDS <br> ) <br> ANTONE MONIZ, et al.,         ) <br> ) <br> Respondents.         ) <br> ) | |

MEMORANDUM AND ORDER ON PETITION
FOR WRIT OF HABEAS CORPUS

**SAYLOR, J.**

This is a habeas petition that concerns the government's authority to hold a noncitizen pending removal proceedings.[1]  Petitioner Cesar Manuel Panameno Lopez is a citizen of El Salvador who unlawfully entered the United States in 2020 as an unaccompanied minor.  He was detained by immigration authorities then released and issued a Notice to Appear in immigration court.  He has since been granted Special Immigrant Juvenile status.

On February 9, 2026, he was taken into ICE custody.  Petitioner contends that his

---

[1] The petition names Antone Moniz, Superintendent, Plymouth County Correctional Facility; Patricia Hyde, Acting Field Office Director, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Sirce Owen, Acting Director, Executive Office for Immigration Review; Pamela Bondi, U.S. Attorney General; and Kristi Noem, U.S. Secretary of Homeland Security, as respondents.  Respondents have moved for all respondents other than Moniz to be dismissed from this action.  (Dkt. No. 6, at 1 n.1).  Indeed, Moniz, as "the person who has custody over [the petitioner]," is the only possible proper respondent.  28 U.S.C. § 2242; *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("[A]n alien who seeks a writ of habeas corpus contesting the legality of his detention by the INS normally must name as the respondent his immediate custodian, that is, the individual having day-to-day control over the facility in which he is being detained."); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("[I]n habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.").  The Court will therefore dismiss the claims against the other respondents.

continued detention without a bond hearing violates his Fifth Amendment right to due process as well as the Immigration and Nationality Act (8 U.S.C. § 1225 and § 1226) and the Administrative Procedure Act (5 U.S.C § 706).  In addition to declaratory relief, he seeks immediate release or, in the alternative, an individualized bond hearing.

I.      **Background**

Cesar Manuel Panameno Lopez is a citizen and national of El Salvador.  (Dkt. No. 1 ¶ 13).  On November 29, 2020, he unlawfully entered the United States as an Unaccompanied Alien Child.  (*Id.* ¶ 1).  He was detained by immigration authorities, then released and served with a Notice to Appear in immigration court.  (*Id.*).  He has since been granted Special Immigrant Juvenile status and an approved I-360 application, which enables him to obtain a visa once one becomes available.  (*Id.*).  Petitioner has no prior criminal convictions and maintains that he complied with all ICE reporting requirements and appeared for all immigration proceedings.  (*Id.* ¶ 2).

Nonetheless, on February 9, 2026, ICE arrested Panameno Lopez outside of a courthouse where he was appearing for a non-immigration hearing.  (*Id.*).  The petition contends that he likely has been transferred to Plymouth County Correctional Facility in Plymouth, Massachusetts.  (*Id.*).

Later that day, he filed, through counsel, a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The petition contends that his detention without a bond hearing violates 8 U.S.C. §§ 1225 and 1226, the Administrative Procedure Act, and his Fifth Amendment right to due process.  (*Id.* at 11-12).

On February 10, 2026, the Court ordered that petitioner not be moved outside this District without prior notice until further order of the Court.  (Dkt. No. 4).  Respondents were further

2

ordered to address whether, in light of this Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025) and *Dume Rivera et al. v. Moniz*, 2025 WL 3198419 (D. Mass. Oct. 16, 2025), petitioner here was entitled to the same relief.  (*Id.*).

On February 17, 2026, respondents answered the petition.  (Dkt. No. 6).  They concede that "this Court's recent decision in *De Andrade v. Moniz*, . . . [as well as] *Perez v. Moniz, et al.*, No. 25-cv-13779 (D. Mass. Dec. 17, 2025) are instructive on this case for reaching a decision." (*Id.* at 1).  While "[r]espondents' position remains that the Court should deny the Petition because Petitioner is an 'applicant for admission'" subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A), they acknowledge that "[s]hould the Court apply the reasoning of *De Andrade* and *Perez* . . . it would likely reach the same result here."  (*Id.* at 2-3).

**II.     Analysis**

For the reasons discussed in the Court's decision in *De Andrade v. Moniz*, 2025 WL 2841844 (D. Mass. Oct. 7, 2025), and those of hundreds of other courts across the country, *Barco Mercado v. Francis*, 2025 WL 3295903, at *4, app. A (S.D.N.Y. Nov. 26, 2025) (collecting 350 cases decided by over 160 different judges), noncitizens who unlawfully entered the United States but have resided in the country for some time are subject to discretionary detention under 8 U.S.C. § 1226(a), not mandatory detention under 8 U.S.C. § 1225(b).  *But see Buenrostro-Mendez v. Bondi*, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Moreover, the government has not treated petitioner as an "applicant for admission . . . seeking admission" into the United States.  8 U.S.C. § 1225(b)(2)(A).  He was released at the border and Citizenship and Immigration Services granted him Special Immigrant Juvenile status.  *See, e.g.*, *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024) (holding that the award of Special Immigrant Juvenile status "converted [the petitioner] from being an arriving alien to an alien present in the

United States"). The government cannot turn back time and do so now. Thus, because the government has not proffered an alternative authority for detention, to the extent that the government has such lawful authority, it must be under § 1226(a).

Due process entitles a § 1226(a) detainee to a hearing in which the government must "either (1) prove by clear and convincing evidence that [the detainee] poses a danger to the community or (2) prove by a preponderance of the evidence that [he] poses a flight risk." *Hernandez-Lara v. Lyons*, 10 F.4th 19, 41 (1st Cir. 2021). Due process therefore requires that petitioner be granted a bond hearing in which the government bears the burden of proof. *See id.*; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1)) (explaining that "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention"). His continued detention without a bond hearing is "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241(c)(3). The Court will therefore grant his petition. Accordingly, at this stage, the Court will not reach petitioner's claims under the Administrative Procedure Act.

### III.   Conclusion and Order

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondents are hereby ORDERED to either release petitioner or provide him a bond hearing no later than March 6, 2026. The claims against respondents Patricia Hyde, Todd Lyons, Sirce Owen, Pamela Bondi, and Kristi Noem are DISMISSED.

**So Ordered.**

Dated:  February 25, 2026

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Court Judge